UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHEM RX PHARMACY SERVS. LLC,
d/b/a Chem Rx,

                        Plaintiff,         1:17-CV-0998
                                           (GTS/CFH)

v.

SARATOGA CTR. FOR CARE, LLC, d/b/a
Saratoga Ctr. for Rehab and Skilled Nursing
Care,

                        Defendant.
_____

APPEARANCES:                          OF COUNSEL:

FULTZ MADDOX DICKENS PLC              JENNIFER METZGER STINNETT, ESQ.
  Counsel for Plaintiff               MATTHEW C. WILLIAMS, ESQ.
101 S. Fifth Street, 27th Floor
Louisville, KY 40202

DENTONS US LLP                        BRIAN S. COUSIN, ESQ.
  Counsel for Defendant               RICHARD I. SCHARLAT, ESQ.
1221 Avenue of the Americas
New York, NY 10020-1089

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

       Currently before the Court, in this breach-of-contract action filed by Chem Rx

("Plaintiff") against Saratoga Center for Rehab and Skilled Nursing Care ("Defendant"), are

Defendant's motion to set aside the default judgment entered against it pursuant to Fed. R. Civ.

P. 60(b), and Plaintiff's motion for a bill of costs.  (Dkt. Nos. 21, 23.)  For the reasons set forth

below, Defendant's motion is conditionally granted, and Plaintiff's motion is denied without

prejudice.

# I.    RELEVANT BACKGROUND

## A.    Plaintiff's Claims

Generally, in its Complaint, Plaintiff (a provider of pharmacy goods that is a citizen of California and Kentucky) asserts against Defendant (a skilled nursing facility that is a citizen of New York) the following four claims: (1) a claim for breach of contract arising from Defendant's failure to pay for pharmacy goods and services in the amount of at least $277,716.46 as agreed upon the parties' Pharmacy Services Agreement; (2) a claim for breach of contract arising from Defendant's improper termination of the aforementioned Agreement; (3) a claim of unjust enrichment / constructive trust; and (4) a claim for account stated.  (*See generally* Dkt. No. 1 [Plf.'s Compl.].)  Familiarity with Plaintiff's claims, and the factual allegations supporting them, is assumed in this Decision and Order, which is intended primarily for review by the parties.

## B.    Relevant Procedural History

### 1.    Plaintiff's Service of its Complaint and Defendant's Failure to Answer

On September 7, 2017, Plaintiff filed its Complaint in this action.  (Dkt. No. 1.)  On September 25, 2017, 2017, Plaintiff served its Complaint on Defendant (through delivering copies of the Summons and Complaint to the New York Secretary of State).  (Dkt. No. 8.) As of the date of this Decision and Order, Defendant has filed no Answer to that Complaint.  (*See generally* Docket Sheet.)

### 2.    Clerk's Office's Entry of Default and Defendant's Non-Appearance

On October 18, 2017, Plaintiff requested an entry of default by the Clerk of the Court. (Dkt. No. 10.)  On October 19, 2017, the Clerk of the Court entered default against Defendant, pursuant to Fed. R. Civ. P. 55(a).  (Dkt. No. 11.)

### 3.     Plaintiff's Motion for Default Judgment

On November 8, 2017, Plaintiff filed a motion for default judgment pursuant to Fed. R.

Civ. P. 55(b), requesting that such a judgment be entered by the Clerk of the Court pursuant to

Fed. R. Civ. P. 55(b)*(1)*.  (Dkt. No. 15.)  On November 14, 2017, the Court issued a Text Order

*sua sponte* staying decision of Plaintiff's motion for default judgment pursuant to Fed. R. Civ. P.

55(b) and directing Plaintiff to supplement its papers so as to fulfill the requirements of a

judgment entered by the Court pursuant to Fed. R. Civ. P. 55(b)*(2)*.  (Dkt. No. 17.)  On

November 15, 2017, Plaintiff so supplemented its papers.  (Dkt. No. 18.)  On November 16,

2017, this Court granted Plaintiff's motion and entered default judgment against Defendant

pursuant to Fed. R. Civ. P. 55(b)(2).  (Dkt. No. 19.)

### 4.     Defendant's Motion to Set Aside Default Judgment

On November 28, 2017, defense counsel appeared and filed this motion to set aside

default judgment on behalf of Defendant.  (Dkt. No. 21.)

Generally, in its motion, Defendant asserts the following three arguments: (1)

Defendant's default was not willful because (a) willfulness requires something more than gross

negligence (i.e., something akin to acting deliberately or in bad faith), (b) here, Defendant's

delay was only thirty-one days in duration (given that its Answer was due on October 16, 2017,

and the Court entered default judgment against it on November 16, 2017), and (c) the delay was

not deliberate or in bad faith but was caused in the "delay" of the New York Secretary of State

"relaying" (unidentified) "information" to Defendant,[1]  after which Defendant hired counsel,[2]

_____

[1]      In support of the argument that there was a "delay" between Plaintiff's delivery of
its Summons and Complaint on the New York Secretary of State and the latter's "relaying"
"information" to Defendant, defense counsel relies on an affidavit from an employee of an entity

who has been diligently working to respond;[3] (2) setting aside the default would not prejudice Plaintiff because, at most, setting aside the default would only delay Plaintiff's recovery, which alone is insufficient under the law to establish prejudice; and (3) Defendant has presented a meritorious defense because, in its Answer, Defendant can assert viable affirmative defenses and counterclaims based on, inter alia, Plaintiff's failure to properly calculate damages and/or offsets.[4]  (*See generally* Dkt. No. 21, Attach. 1 [Def.'s Memo. of Law].)

Generally, in response to Defendant's motion, Plaintiff asserts the following three arguments: (1) Defendant's delay was willful because (a) although Defendant suggests that there was a delay between when either the New York Secretary of State or Defendant's managing organization relayed the Summons and Complaint to Defendant, Defendant does not specify the duration of that delay, suggesting it was short if not altogether non-existent, (b) similarly, Defendant does not provide an explanation for the delay between approximately September 25,

---

than manages Defendant (i.e., Skyline Health Care LLC).  (Dkt. No. 21, Attach. 1, at 3.) However, that affidavit establishes merely that, "[o]n or about September 25, 2017, [Defendant] was served with a summons and complaint in the instant action when copies of the Summons and Complaint . . . were delivered to the New York Secretary of State."  (Dkt. No. 21, Attach. 4, at ¶ 3.)

[2]    In support of this argument, defense counsel adduces evidence that Defendant retained defense counsel "on or about" November 10, 2017.  (Dkt. 21, Attach. 2, at ¶ 2.)

[3]    In support of this argument, defense counsel adduces evidence that, between approximately November 11, 2017, and November 18, 2017, he had been traveling out of the country.  (Dkt. No. 21, Attach. 3.)  He also adduces evidence that he returned to the country on or about November 20, 2017, and spoke to Plaintiff's counsel on November 21, 2017.  (*Id*; Dkt. No. 21, Attach. 2, at ¶ 8.)

[4]    In support of this argument, defense counsel cites an affidavit of an employee of the entity that manages Defendant, who swears that, *inter alia*, "[t]here have been systematic problems with the calculation of invoices that Plaintiff has submitted to [Defendant], including those on which [it is] suing to recover."  (Dkt. No. 21, Attach. 4, at ¶¶ 5-7.)

2017 (when it obtained a copy of the Complaint) and November 10, 2017 (when it retained

defense counsel), and (c) bad faith may be reasonably inferred from the fact that, despite having

obtained a copy of the Complaint since approximately September 25, 2017, Defendant waited to

the last possible moment to respond in this action (i.e., November 28, 2017, which was merely

two days before when Plaintiff was allowed to execute upon the Default Judgment pursuant to

Fed. R. Civ. P. 62); (2) setting aside the default would prejudice Plaintiff because (a) such

prejudice may be established by a showing that the delay will provide a greater opportunity for

fraud and collusion, and (b) here, Plaintiff reasonably believes that ownership of Defendant's

skilled nursing facility is going to be transferred to the current management company for the

facility (Skyline Health Care, LLC),[5] and thus setting aside the default could give Defendant an

opportunity to abscond with any assets and hinder Plaintiff's ability to satisfy a judgment if so

awarded; and (3) Defendant has not presented a meritorious defense because (a) a "meritorious

defense" is a complete defense, (b) the defense proffered by Defendant is not a complete

defense but merely a partial one, and (c) in any event, the defense is supported by only

"conclusory" evidence. (*See generally* Dkt. No. 22, Attach. 1 [Plf.'s Opp'n Memo. of Law].)

Generally, in its reply to Plaintiff's response, Defendant asserts the following three

arguments: (1) Defendant's default was not willful because (a) again, the delay was not

deliberate or in bad faith but was caused in the "delay" of the New York Secretary of State

"relaying information" to Defendant, after which Defendant hired counsel, who has been

---

[5]     In support of this argument, Plaintiff (1) adduces an email message from
Defendant, dated February 28, 2017, stating that "Skyline [H]ealthcare bought the facility," and
(2) points to Defendant's own submission of an affidavit of an employee of Skyline Health Care,
LLC.  (Dkt. No. 22, Attach. 3; Dkt. No. 21, Attach. 4, at ¶ 1.)

diligently working to respond, and (b) the delay in this case was not nearly as long as the delay

in the case relied on by Plaintiff (*Car-Freshner Co. v. Air Freshners, Inc.*, 10-CV-1491, 2012

WL 3294948, at *5 [N.D.N.Y. Aug. 10, 2012]); (2) setting aside the default would not prejudice

Plaintiff because the "evidence" adduced by it in support of that argument (i.e., the evidence that

ownership of Defendant will be transferred to Skyline Health Care, LLC) fails to show why or

how, if such ownership were transferred, Plaintiff would be unable to satisfy a judgment against

Defendant; and (3) Defendant has presented a meritorious defense because, in addition to the

evidence adduced in support of its memorandum of law-in-chief, it has adduced evidence that

Plaintiff has consistently and incorrectly overcharged Defendant in its monthly invoices and has

failed to credit Defendant after Defendant returned unused medications to Plaintiff.[6]  (Dkt. No.

26, Attach. 1 [Def.'s Reply Mem. of Law].)  Plaintiff further argues that, if the Court is inclined

to grant Defendant's motion, the Court should require Defendant to post a bond sufficient to

cover the default judgment (and protect Plaintiff's ability to satisfy its anticipated damages

award in this action).  (*Id.*)

### 5.    Plaintiff's Motion for a Bill of Costs

On December 15, 2017, Plaintiff filed a motion for a bill of costs.  (Dkt. No. 23.)

Generally, in its motion, Plaintiff requests $400 in fees of the Clerk, and $115 in fees for service

of the Summons and Complaint.  (*Id.*)

---

[6]    In support of this argument, Defendant cites a reply declaration of an employee of
an entity than manages Defendant.  (Dkt. No. Attach. 2, at ¶¶ 5-9.)

## II.    RELEVANT LEGAL STANDARD

A court's entry of default judgment may be set aside for "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  The 'excusable neglect' standard is more rigorous than the 'good cause' standard for setting aside a clerk's entry of default.  *Gates v. Wilkinson*, 03-CV-0763, 2005 WL 3115826, at *1 (N.D.N.Y. Nov. 21, 2005) (Sharpe, J.) (citing *Meehan v. Snow*, 652 F.2d 274, 276 [2d Cir. 1981]).

The Second Circuit has "established [the following] three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment . . . (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented."  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

 In considering whether to set aside a default judgment, courts should bear in mind that there is a long standing and "oft-stated preference for resolving disputes on the merits" under the law.  *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983); *see also Cody v. Mello*, 59 F.3d 13, 15 (2d. Cir. 1995) (explaining the Second Circuit's preference "that litigation disputes be resolved on the merits, not on default").

As to the first factor, willfulness within this Circuit does not include careless or negligent errors even when the negligence is gross.  *Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996).  Rather, to establish willfulness, the court should determine whether the actions were made deliberately or in bad faith.  *Am. Alliance Ins. Co., Ltd.*, 92 F.3d at 61.

As to the second factor, "[a] plaintiff may demonstrate prejudice by showing that his 'ability to pursue the claim has been hindered since the entry of the judgment' or by 'the loss of

available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'" *Raheim v. New York City Health and Hosps. Corp.*, 96-CV-1045, 2007, WL 2363010, at *5 (E.D.N.Y. Aug. 14, 2007) (quoting *Farrell v. Cty. Van & Storage, Inc.*, 96-CV-1174, 1996 WL 705276, at *3 [E.D.N.Y. Nov. 25, 1996]); *see also Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (stating that, to establish prejudice in the context of a default, there must be a showing that "the delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion")  In other words, "the plaintiff must show that the default caused some actual harm to its ability to litigate the case, such as by diminishing the amount of available evidence, or that it relied to his detriment on the judgment entered." *MacEwen Petroleum, Inc. v. Tarbell*, 173 F.R.D. 36, 40 (N.D.N.Y. 1997) (McAvoy, C.J.).  Delay alone is insufficient to establish prejudice in this context.  *Enron Oil Corp.*, 10 F.3d at 98.

As to the third factor, a defense is meritorious where it is "good at law so as to give the fact finder some determination to make." *Addison v. Reitman Blacktop, Inc.*, 272 F.R.D. 72, 81 (E.D.N.Y. 2010) (quoting *Am. Alliance Ins. Co., Ltd.*, 92 F.3d at 61).  The test to determine whether a meritorious defense has been presented is measured "not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp.*, 10 F.3d at 98.  Evidence must be submitted to support the proposed defense amounting to more than a conclusory denial.  *Id.*  However, allegations can found to be meritorious where "they contain even a hint of a suggestion which, if proven at trial, would constitute a complete defense." *Weisel v. Pischel*, 197 F.R.D. 231, 239 (E.D.N.Y. 2000) (quoting *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 374 [D.C. Cir. 1980]).

### III.    ANALYSIS

For ease of analysis, the relevant three factors are considered out of order (willfulness first, meritoriousness second, and prejudice third).

### A.    Whether the Default Was Willful

After carefully considering the matter, the Court answers this question in the negative for the reasons stated in Defendant's memoranda of law.  *See, supra,* Part I.B.4. of this Decision and Order.  To those reasons, the Court adds the following analysis.

The Court has trouble finding the delay between November 10, 2017 (about when defense counsel was retained) and November 28, 2017, to be willful.  A closer question is presented by the delay between September 25, 2017 (when Plaintiff delivered a copy of the Complaint to the New York Secretary of State) and November 10, 2017.  The Court assumes that, during this 46-day delay, (1) a copy of the Complaint was making its way from either the New York Secretary of State or Defendant's managing organization (i.e., Skyline Health Care LLC) to Defendant, and (2) Defendant was seeking the appropriate counsel to retain.

Granted, no admissible evidence of that fact has been adduced.  However, even if the Court were to conclude that no such evidence exists, the Court would be unable to find that this 46-day delay resulted from anything more than gross negligence.  The mere fact that defense counsel took from November 10, 2017, until November 28, 2017, to file its motion papers does not lead the Court to reasonably conclude that Defendant was deliberately or in bad faith stonewalling Plaintiff between September 25, 2017, and November 10, 2017.  The Court notes that Plaintiff's theory that Defendant was using the 46-day period to transfer ownership of Defendant to Skyline Health Care, LLC) *appears* undermined by Plaintiff's own evidence that ownership of Defendant had been transferred by Skyline Health Care LLC some seven months before (on or before February 28, 2017).  (Dkt. No. 22, Attach. 3.)

9

To the extent that Plaintiff's concern of an ongoing transfer of ownership is justified, that concern shall be addressed, and attempt to be alleviated, in Part III.C. of this Decision and Order.

### B.        Whether Defendant Has Presented a Meritorious Defense

After carefully considering the matter, the Court answers this question in the negative for the reasons stated in Defendant's memoranda of law. *See, supra,* Part I.B.4. of this Decision and Order. To those reasons, the Court adds that, while admittedly a close question, the evidence adduced by Defendant sufficiently persuades the Court that, if Defendant's theory of miscalculation and wrongdoing by Plaintiff is proven at trial, Defendant's theory would constitute a complete defense to all of Plaintiff's claims.

### C.        Whether Setting Aside the Default Would Prejudice Plaintiff

After carefully considering the matter, the Court *conditionally* this question in affirmative for the reasons stated in Defendant's memoranda of law. *See, supra,* Part I.B.4. of this Decision and Order. The "condition" referenced by the Court is the requirement that Defendant post a bond sufficient to cover the default judgment in the amount of $283,231.33, in accordance with the Federal Rules of Civil Procedure and the Local Rules of Practice for this Court. (Dkt. No. 19.) *See also MacEwen Petroleum v. Tarbell*, 173 F.R.D. 36, 40 (N.D.N.Y. 1997) (McAvoy, C.J.) (requiring that defaulting defendants post a $500,000 bond to minimize the risk of absconding with assets), *appeal dismissed*, 136 F.3d 263 (2d Cir. 1998). The Court renders this latter finding for the reasons stated in Plaintiff's opposition memorandum of law. *See, supra,* Part I.B.4. of this Decision and Order.

10

D.      **Plaintiff's Motion for a Bill of Costs**

Because the Court's conditional granting of Defendant's motion no longer renders

Plaintiff the prevailing party, the Court denies without prejudice Plaintiff's motion for a bill of

costs.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to set aside the default judgment against it pursuant

to Fed. R. Civ. P. 60(b) (Dkt. No. 21) shall be **GRANTED** without further Order of the Court,

and the entry of default judgment shall be **VACATED** without further Order of the Court, upon

Defendant's posting of a bond in the amount of **TWO HUNDRED EIGHTY-THREE**

**THOUSAND TWO HUNDRED THIRTY-ONE DOLLARS AND THIRTY-THREE**

**CENTS ($283,231.33)**, in accordance with the Federal Rules of Civil Procedure and the Local

Rules of Practice for this Court; and it is further

**ORDERED** that the aforementioned bond is due to be posted within **TEN (10) DAYS** of

the date of this Decision and Order; and it is further

**ORDERED** that Defendant has **TWENTY-ONE (21) DAYS** after the vacation of the

entry of default judgment to file a responsive pleading to Plaintiff's Complaint; and it is further

**ORDERED** that Plaintiff's motion for a bill of costs is **DENIED** without prejudice.

Dated:      January 16, 2018
            Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge

11